IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANGELA LAIRE                                                                    PLAINTIFF

V.                          CASE NO. 3:14-cv-00093-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*
Social Security Administration                                            DEFENDANT

### MEMORANDUM AND ORDER

Plaintiff Angela Laire brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

## I.      PROCEDURAL HISTORY

Ms. Laire protectively filed her application on October 4, 2011, alleging a disability onset date of August 20, 2010.[1] (R. at 130, 150.) She alleges complications from attention deficit hyperactivity disorder ("ADHD"), encephalopathy manifested by attention deficit disorder, dysomnia, migraine, obsessive compulsion disorder ("OCD"), mood disorder, depressive disorder, partial complex seizures, blank stares with loss of alertness, anxiety, and nervousness. (R. at 166.) Ms. Laire's claim was denied at the initial and reconsideration levels.

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

(R. at 10.) An Administrative Law Judge ("ALJ") held a hearing on this matter on March 5, 2013. (R. at 10.) Following the hearing, the ALJ issued an unfavorable decision denying Ms. Laire's claim. (R. at 21.) The Appeals Council subsequently denied her request for review. (R. at 1.)

On April 8, 2014, Ms. Laire filed a complaint against the Commissioner appealing the ALJ's denial of DIB. (Pl.'s Compl. 1, ECF No. 2.) On April 16, 2014, the parties consented to a Magistrate Judge having jurisdiction to issue a final judgment in this case. (Consent 1, ECF No. 4.) Both parties have submitted appeals briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.)

## II.    ADMINISTRATIVE PROCEEDINGS

Ms. Laire was twenty-four years old at the time of the administrative hearing and had completed her high school education. (R. at 20.) She had no past relevant work. (R. at 20.) The ALJ applied the five-step sequential evaluation process to Ms. Laire's claim.[2] (R. at 11.) The ALJ found that Ms. Laire satisfied the first step because she had not engaged in substantial gainful activity. (R. at 12.) At step two, the ALJ found that Ms. Laire suffered from the severe medical impairments of a seizure disorder, depressive disorder, and obesity. (R. at 12.) At step three, the ALJ found that Ms. Laire did not have an impairment or combination of impairments

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

that met or medically equaled a listed impairment in 20 C.F.R. § 404 Appx. 1. (R. at 13-14.)
Before proceeding to step four, the ALJ found that Ms. Laire has a residual functional capacity
("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c). (R. at 15.) The ALJ
determined that Ms. Laire's statements that she is incapable of all work activity was not
credible because it was not consistent with the record as a whole. (R. at 17.) The ALJ found
at step four that Ms. Laire had no relevant past work. (R. at 20.) At step five, the ALJ
determined that a significant number of jobs exist in the national economy that Ms. Laire can
perform. (R. at 20.) Therefore, the ALJ concluded Ms. Laire was not under a disability.

## III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's
decision is supported by substantial evidence on the record as a whole and free of legal error.
*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial
evidence is "less than a preponderance, but enough that a reasonable mind might accept it as
adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing
*Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot
be reversed merely because substantial evidence would have supported an opposite decision.
*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence
test employed in reviewing administrative findings is more than a mere search of the record
for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195,
1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more
scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In

reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV.   DISCUSSION

Ms. Laire challenges the ALJ's finding that she has the RFC to perform medium work. (Pl.'s Br. 10, ECF No. 11.) Specifically, Ms. Laire alleges: (1) in step two, ALJ improperly determined that her bipolar disorder mixed with psychotic features and her anxiety disorder were not severe; (2) in step three, the ALJ improperly failed to consider whether Ms. Laire's seizures met a listing under 11.02 or 11.03; and (3) in determining Ms. Laire's RFC, the evidence is not substantial that Ms. Laire can perform medium work.

### A.   STEP TWO

Ms. Laire claims that substantial evidence does not support the ALJ's determination that her bipolar disorder mixed with psychotic features and her anxiety disorder were not severe. (Pl.'s Brief 13, ECF No. 11.) Specifically, Ms. Laire claims: (1) substantial evidence did not exist for the ALJ to reject the medial opinion of Dr. Felts; and (2) substantial evidence did not exist for the ALJ to determine that Ms. Laire's bipolar and anxiety disorders were not severe. (*Id.* at 13-14.)

The ALJ determined that Ms. Laire's "alleged anxiety, attention deficit and [ADHD], and polysubstance abuse disorders, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore [] considered nonsevere." (R. at 13.) Before making that

4

determination, the ALJ stated at the hearing that he was "having problems with [Dr. Felts's] findings." (R. at 53.) Dr. Felts, who treated Ms. Laire multiple times in 2012-13, determined that multiple factors would "seriously interfere with the performance of work activity:" (1) "the ability to understand and remember very short and simple instructions;" (2) the "ability to carry out very short and simple instructions;" (3) the ability to "make-up simple work related decisions;" and (4) the "ability to [adhere to] socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." (R. at 53.)

The ALJ found that Ms. Laire has been living with a man and his two kids for a year, which is inconsistent with the finding that she cannot even keep herself clean. (R. at 53-54.) The ALJ determined that Dr. Felts's diagnosis was inconsistent with the "conservative treatment with only monthly scheduled treatment lacking any recommendation or need inpatient treatment and/or supervised treatment." (R. at 19.) The ALJ noted that during a mental diagnosis with Dr. Hester on November 14, 2011, Ms. Laire was able to name large cities, the four most recent presidents, weeks in a year, and similarities in a statute and a form. (R. at 54.) Overall, the ALJ found that Ms. Laire is a "very intelligent individual, very much aware of the world around her." (R. at 54.) The ALJ concluded that Dr. Felts was "simply relying on what he's being told" because the report from Dr. Hester "shows a completely different individual." (R. at 54.)

The ALJ mainly relied on the medical opinion of Dr. Hester, a one-time consultant, who found that Ms. Laire's "conversation was logical, relevant, goal directed, and well organized." (R. at 13.) Dr. Hester concluded that Ms. Laire's "symptoms were [not]

numerous enough or severe enough to interfere with her adaptive functioning." (R. at 13.)

Generally, the Court will "uphold the ALJ's decision to credit a one-time consultant and discount a treating physician's opinion '(1) where [the one-time] medical assessments are supported by better or more thorough medical evidence, or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Anderson v. Barnhart*, 344 F.3d 809, 812-13 (8th Cir. 2003) (quoting *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000)).

There is substantial evidence to support the ALJ's decision to credit Dr. Hester's diagnosis over Dr. Felts's. First, substantial evidence supports the ALJ's finding that Dr. Hester's medical assessments were supported by more thorough medical evidence based on the mental evaluations Dr. Hester performed. The ALJ believed, based on the entirety of the record, that Dr. Felts was diagnosing Ms. Laire based on what she told him rather than medical evidence. Second, substantial evidence supports the ALJ's finding that Dr. Felts rendered inconsistent medical opinions based on his conservative treatment plan for Ms. Laire. The ALJ also found that Dr. Felts's diagnosis was inconsistent with Ms. Laire's ability to care for three people.

Ms. Laire argues that the ALJ erred in relying on Dr. Hester because Dr. Hester examined her in November 2011, before her medical condition worsened in 2012. (Pl.'s Br. 14, ECF No. 11.) Ms. Laire does not cite any case law that states that the ALJ must rely on the most recent medical examination. Additionally, the ALJ considered the entirety of Ms. Laire's medical record, including her hospitalizations in 2012, before concluding that Dr.

6

Hester's medical opinion was better supported by her activities of daily living and the objective medical tests formed. There is substantial evidence for the ALJ to credit Dr. Hester's diagnosis over Dr. Felts's even though Dr. Felts's diagnosis was more recent.

Ms. Laire claims that the ALJ's assessment that her bipolar disorder and her anxiety disorder are not severe is not supported by the record as a whole. (Pl.'s Br. 13, ECF No. 11.) Ms. Laire claims that the assessment goes against Dr. Felts's diagnosis. (*Id.*). Since the ALJ had substantial evidence to discount Dr. Felts's diagnosis, the ALJ also had substantial evidence to find that neither Ms. Laire's bipolar disorder nor her anxiety disorder are severe.

B.   STEP THREE

At step three, Ms. Laire contends that she "can be found presumptively disabled under listings 11.02 and 11.03." (Pl.'s Br. 12, ECF No. 11.) The Court can reject "out of hand . . . conclusory assertion[s] that the ALJ failed to consider whether" a claimant meets a listing if the claimant "provides no analysis of the relevant law or facts regarding these listings." *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). Since Ms. Laire provides no analysis of the relevant law or facts regarding how her seizure disorder can meet the listings under 11.02 and 11.03, the Court rejects this claim.

C.   MS. LAIRE'S RESIDUAL FUNCTIONAL CAPACITY

Ms. Laire claims that there is not substantial evidence supporting the ALJ's conclusion that she can perform medium work because (1) it is inconsistent with Dr. Banaji's medical opinion and (2) it does not take into or account enough the effects of her

seizures. (Pl.'s Br. 11-12, ECF No. 11.)

### 1.   Dr. Banaji's Assessment

Ms. Laire claims that there is not substantial evidence supporting the ALJ's finding that she can perform medium work because it is inconsistent with Dr. Banaji's opinion. (Pl.'s Br. 11, ECF No. 11.) Respondent argues that substantial evidence supports the ALJ's RFC assessment. (Def.'s Br. 4, ECF No. 12.)

Substantial evidence exists for the ALJ's determination that Ms. Laire could perform light work. Dr. Banaji found that Ms. Laire had full range of motion in her shoulders, elbows, wrists, hands, hips, knees, ankles, cervical spine, and lumbar spine. (R. at 283.) He found that Ms. Laire could do full straight-leg raising with both legs. (R. at 284.) He further found that Ms. Laire could hold a pen and write, touch fingertips to palm, oppose thumb to fingers, pick up a coin, stand/walk without assistive devices, walk on heel and toes, squat/arise from a squatting position, and had a normal grip with both hands. (R. at 284.) Despite these findings, Dr. Banaji determined that Ms. Laire has "mild-moderate limitations" in her ability to "walk, stand, lift, carry, handle, finger, see, hear or speak, etc." (R. at 285.)

The ALJ gave great weight to Dr. Banaji's medical assessment. (R. at 19.) However, the ALJ determined that Dr. Banaji's opinion of Ms. Laire's mild to moderate limitations "seemed based solely on the claimant's subjective allegations of pain," and is inconsistent with the overall medical record. (R. at 19.) Based on the entire record, there is substantial evidence supporting the ALJ's conclusion that Ms. Laire is able to perform medium work

8

activity.

### 2.    *Ms. Laire's Seizures*

Ms. Laire claims that the ALJ "failed to impose any limitations on Laire accounting for the effects of the seizures, the interruption of her workday, and the possible absences from work that such a frequent seizure pattern would produce." (Pl.'s Br. 12, ECF No. 11.)

Ms. Laire claimed that multiple seizures occurred during the hearing. (R. at 37, 42.) Ms. Laire testified that her seizures were "momentary–spontaneous–momentary." (R. at 37.) The ALJ noted that once Ms. Laire's alleged-seizure was over, she was able to function immediately and answer his question. (R. at 37.) Ms. Laire testified that she "could be watching TV and lose focus on what's going on around [her]" for seconds, but then she "[goes] right back." (R. at 39.)

The ALJ considered that Ms. Laire was first seen for a seizure disorder in 2003. (R. at 16.) While her physical and neurological examinations were normal, and an EEG showed no evidence of seizure activity, the doctor prescribed Ms. Laire seizure medication. (R. at 16.) In 2011, an MRI of Ms. Laire's brain was normal and an EEG was "mildly abnormal." (R. at 16.) Ms. Laire was again prescribed seizure medication. (R. at 16.) In November 2011, while undergoing a mental diagnostic evaluation by Dr. Hester, Ms. Laire reported that the last time she took medication was over seven years prior. (R. at 16.) Ms. Laire does not frequently go to the emergency room for her seizures, she only occasionally takes pain medication, and she has normal "activities of daily living." Therefore, there is substantial evidence for the ALJ to determine that Ms. Laire's seizures will not interrupt her work day,

cause her to have excessive absences, or that seizures will cause any effects on Ms. Laire other than a temporary loss of concentration. Accordingly, there is substantial evidence to support the ALJ's finding that Ms. Laire can work as a laundry worker or a dishwasher. (R. at 21.)

## V.    CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the Court affirms the Commissioner's decision.

SO ORDERED this 7th day of April, 2015.

_____

UNITED STATES MAGISTRATE JUDGE